IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS MELEZKHUK,<br><br>    *Petitioner*,<br><br>v.<br><br>JANINE M. DONATE, et al.,<br><br>    *Respondents*. | CIVIL ACTION<br>NO. 17-00690 |

## ORDER

**AND NOW**, this 25th day of January, 2019, upon consideration of Petitioner's Petition for Writ of *Habeas Corpus* (ECF No. 1), Respondents' Motion to Dismiss (ECF No. 9) and Magistrate Judge Lloret's Report and Recommendation to dismiss the Petition without prejudice (ECF No. 11), and it appearing that neither Petitioner nor Respondents have objected to the Report, it is hereby **ORDERED** that:

1. Magistrate Judge Lloret's Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The *pro se* Petition for Writ of *Habeas Corpus* is **DISMISSED without prejudice**;[1]

---

[1] When Melezkhuk filed the Petition, he had not yet received a preliminary hearing on his charges in state court. *See* (Pet. 9–15, R. & R. 1–2). The Petition alleges that his right to a preliminary hearing was violated. (Pet. 9–15.) Shortly after filing the Petition, he received a preliminary hearing, entered a guilty plea and was convicted and sentenced. *See* (R. &. R. 1–2). This Court no longer has jurisdiction to consider the Petition, and in any event, no relief is warranted.
    28 U.S.C. § 2241 vests the Court with pretrial *habeas corpus* jurisdiction over prisoners in custody awaiting state trial. *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975). Now that Melezkhuk has received a pretrial hearing and is no longer in pretrial custody, *see* (Pet. 1), the Petition is moot. *See Bridges v. Lawton*, 2014 WL 516460 at *2 (E.D. Pa. 2014) (citing *Thorne v. Warden, Brooklyn House of Det.*, 479 F.2d 297, 299 (2d Cir. 1973)); *see also Ramos-Rodriguez v. Warden, FCI Fort Dix*, 446 F. App'x 417, 419 (3d Cir. 2011).

3. Respondents' Motion to Dismiss is **DENIED as MOOT**; and

4. A certificate of appealability will not issue because reasonable jurists would not debate the propriety of the Court's procedural ruling with respect to Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

Even if the Court had jurisdiction to consider the Petition, Melezkhuk did not exhaust all available state remedies before filing the Petition. Melezkhuk has the burden of proving that he exhausted such remedies, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), and he has not done so. In fact, as Judge Lloret observed, Melezkhuk recently filed a PCRA petition that is still pending in state court. (R. & R. 2–3.)